Filed 4/11/14  Martello v. Superior Court CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| JEANNETTE MARTELLO et al., | B252611 |
| Petitioners, | (L.A.S.C. No. GC047718) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | OPINION AND ORDER GRANTING PEREMPTORY WRIT OF MANDATE |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  David S. Milton, Judge.  Petition granted.

Gonzalez & Hulbert, Michael D. Gonzalez and Rebecca L. Smith for Petitioners.

No appearance for Respondent.

California Department of Managed Health Care, Office of Enforcement, Carol L. Ventura, Deputy Director/Chief Counsel, Debra L. Denton, Assistant Chief Counsel and Kristin S. Door, for Real Party in Interest.

_____

The trial court exceeded its jurisdiction in holding Jeannette Martello, M.D. (Martello) in contempt of the trial court's September 26, 2013 order and sentencing her to serve five days in Los Angeles County Jail.[1]  Accordingly, the petition is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2011, the People filed a complaint for civil penalties and injunctive relief based upon Martello's billing emergency room patients directly contrary to the prohibition of such practices by *Prospect Medical Group, Inc. v. Northridge Emergency Medical Group* (2009) 45 Cal.4th 497.  On June 14, 2012, Judge Joseph F. De Vanon, Jr. issued a preliminary injunction enjoining Martello from such practices.

On June 11, 2013, the same judge, at the request of the People, issued an order to show cause why Martello should not be held in contempt for violating the trial court's June 14, 2012 preliminary injunction.  The hearing  on the order to show cause was continued from time to time and finally set for November 15, 2013.

On June 26, 2013, Judge David S. Milton presiding, a court trial for permanent injunction and civil penalties concluded.  The court issued its ruling on September 26, 2013 and stated in open court the following, inter alia, was its order:

"a. Injunction: . . . .  The Defendant is permanently enjoined from continuing her unlawful billing practices and is ordered to dismiss all pending legal actions and appeals against any person who was treated by her in the emergency department of any California hospital on or after October 15, 2008, and who was enrolled in a plan licensed by the Department of Managed Health Care."

---

[1]     As no plain, speedy and adequate remedy at law exists, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance."  (Code Civ. Proc., § 1088; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1237-1238; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)  We requested opposition and notified the parties of the court's intention to issue a peremptory writ. (*Palma v. U.S. Industrial fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

One day later, on September 27, 2013, Martello filed a motion in the appellate division of the superior court in the matter of *Jeannette Martello v. Julia Sipos and Mary Beth Sipos*, a collection case against her patients, to reinstate the appeal, or in the alternative, to transfer the case to the Court of Appeal. On October 10, 2013, the appellate division denied the motion.

On November 15, 2013, the date set for the hearing on the order to show cause re contempt of the June 11, 2013 order, the People requested that the trial court take judicial notice of the October 10, 2013 order of the appellate division. The trial court granted the request.[2]

Apparently based on the judicially noticed information, the trial court found Martello in contempt of its September 26, 2013 oral order and sentenced her to serve five days in Los Angeles County Jail.

No affidavit had been served or filed supporting Martello's violation of the September 26, 2013 order, and no order to show cause had ever been issued charging Martello with the violation of that order.

## DISCUSSION

The trial court lacked jurisdiction to find Martello in contempt.

"As our Supreme Court has often noted, 'In the review of a contempt proceeding "the evidence, the *findings*, and the judgment are all to be strictly construed in favor of the accused [citation], and no intendments or presumptions can be indulged in aid of their sufficiency. [Citation.] If the record of the proceedings, reviewed in the light of the foregoing rules, fails to show affirmatively upon its face the existence of all necessary facts upon which jurisdiction depended, the order must be annulled." [Citation.]' Thus,

---

[2]    The order stated: "On September 27, 2013, appellant Jeannette Martello filed a motion to reinstate the appeal, or in the alternative, to transfer the case to the Court of Appeal. Appellant also filed a request for judicial notice of numerous documents in support of her motion. [¶] We construe appellant's motion as a petition for rehearing of the judgment filed on August 27, 2013, or in the alternative, an application for transfer to the Court of Appeal. The petition and application are denied as untimely. (Cal. Rules of Court, rules 8.889(b)(1), 8.1005(b)(1).) The request for judicial notice is denied as moot."

3

there is no presumption of regularity in contempt proceedings [citations], nothing can be implied in support of an adjudication of contempt [citation], and the record must be strictly construed in favor of the petitioner, the one found in contempt.  [Citation.]" (*Koehler v. Superior Court* (2010) 181 Cal.App.4th 1153, 1166–1167.)

When contempt is committed in the court's immediate view and presence, it is termed direct contempt and may be treated summarily.  No affidavit or order to show cause is required.  All that is needed is that an order be made reciting the facts, the person adjudged guilty, and the punishment prescribed.  (Code Civ. Proc., § 1211; *In re Hallinan* (1969) 71 Cal.2d 1179, 1180.)

When the contempt is not committed in the immediate presence of the court, an indirect contempt, the procedural requirements are more complex.  (See Code Civ. Proc., §§ 1211-1218.)  An affidavit must be presented to the court of the facts constituting the contempt and the court then must issue an order to show cause.  (Code Civ. Proc., §§ 1211-1212.)  These requirements are jurisdictional.  Any contempt order made concerning matters not occurring in the court's presence is invalid if it is not supported by a proper initiating affidavit.  (*Ryan v. Commission on Judicial Performance* (1988) 45 Cal.3d 518, 532; *Koehler v. Superior Court*, *supra*, 181 Cal.App.4th at p. 1169.)  The insufficiency of the initiating affidavit cannot be cured by presenting proof of contempt at a hearing.  (*In re Cowan* (1991) 230 Cal.App.3d 1281, 1287-1288.)  Moreover, the initiating affidavit and order to show cause must be personally served.  (*Koehler v. Superior Court*, *supra*, 181 Cal.App.4th at p. 1169.)  This requirement is likewise jurisdictional.  Any order for indirect contempt is invalid without such service.  (*Ibid*.)

Here, the purported contempt was indirect because the claimed violation was not committed in the presence of the judge and therefore required an affidavit and an order to show cause.  Neither was filed nor served.  Thus, the trial court had no jurisdiction to proceed.

The People argue that Martello was in contempt of the trial court's June 14, 2012 preliminary injunction when she filed the motion in the appellate division on September 27, 2013.  However, the trial court found Martello violated the September 26, 2013 order, and on that basis found her in contempt.  Thus, the People's argument is without merit.

## DISPOSITION

THEREFORE, let a peremptory writ issue, commanding respondent superior court to vacate its order of November 15, 2013, finding Martello in contempt and ordering her to spend five days in the Los Angeles County Jail, in Los Angeles Superior Court case No. GC047718, entitled *People v. Jeannette Martello*.

The stay is vacated.

NOT TO BE PUBLISHED

THE COURT:


_____   _____   _____
  ROTHSCHILD, Acting P. J.          CHANEY, J.                  JOHNSON, J.